OPINION
{¶ 1} Defendant-Appellant, Thomas Gough, Jr., appeals his conviction and sentence for reckless homicide with a firearm specification. Plaintiff-Appellee is the State of Ohio. The following facts give rise to this appeal.
 {¶ 2} During the early morning on August 26, 2007, Appellant and some friends gathered in the living room of the apartment of Appellant's mother located at 55 South Chalfant, Apartment C in Newark, Ohio. (T. 89). Those in attendance included Christopher Grooms, Shane Smith, Kayleb Gough (Appellant's brother) and Skyler Gough (Appellant's sister). Appellant's mother, Anna Gough and brother, Greg Gough, were also in the apartment but asleep in the bedrooms. Id.
 {¶ 3} The individuals at the party were all friends. They had been drinking beer and cognac, talking and listening to music throughout the night. (T. 185). During the party, Christopher Grooms displayed his gun to his friends, a .38 caliber Derringer. When Smith walked into the door, Grooms pointed the gun at Smith. (T. 187). Appellant, Kayleb, Smith and Grooms passed the gun around, looked at it and pointed it at each other. (T. 191). Appellant stated that he knew Grooms to keep the gun loaded. (T. 291).
 {¶ 4} At some point during the evening, Smith and Grooms got into an argument and left the apartment to settle their argument outside. (T. 189). The young men threw a few punches, but resolved the disagreement without further incident. Near the time of the fight, Kayleb took the Derringer and removed the bullets from the gun. (T. 192, 239). He placed the gun on the kitchen table and put the bullets on an end table. Id. *Page 3 
 {¶ 5} After Grooms and Smith came back inside, they looked at the gun. (T. 240). Smith asked Grooms to see a bullet. (T. 192). At the time, Grooms, Smith and Appellant sat in the living room. Grooms and Appellant sat on a futon together, with Appellant sitting on the left side of Grooms. Smith sat near the futon on a chair. (T. 193). Grooms gave Smith a bullet and after he finished observing it, Smith gave the bullet back to Grooms. Grooms put the bullet back into the Derringer and placed the gun on the coffee table in front of the futon. (T. 195).
 {¶ 6} Minutes later, Appellant picked up the gun off the coffee table. (T. 196). Smith saw Appellant point the gun at Grooms' head and then Smith heard a gunshot. (T. 198). Appellant shot Grooms in the left side of his head.
 {¶ 7} Appellant woke his mother to tell her what happened and then he left the scene. (T. 90). Appellant's mother called 911 and the police and emergency squad arrived. The police searched for Appellant and found him about 100 yards from the apartment. Appellant was taken into custody.
 {¶ 8} Grooms died on August 27, 2007 from his wounds.
 {¶ 9} On August 31, 2007, the Licking County Grand Jury indicted Appellant under the charge of reckless homicide, in violation of R.C. 2903.041(A), a third degree felony, and a firearm specification, in violation of R.C. 2929.14(D) and R.C. 2941.145. Appellant pleaded not guilty to the charges.
 {¶ 10} Appellant filed a motion to suppress and after an evidentiary hearing, the trial court denied the motion. The matter was then heard before a jury on April 15th and 16th, 2008. At the close of the State's case in chief and at the close of trial, Appellant *Page 4 
moved for a Crim. R. 29 dismissal because Appellant argued the State did not prove the necessary mens rea. The trial court denied the motion.
 {¶ 11} The jury returned a verdict of guilty on both the charges of reckless homicide and the firearm specification. On April 17, 2008, the trial court sentenced Appellant to a prison term of three years for the charge of reckless homicide and three years on the firearm specification to be run consecutively.
 {¶ 12} Appellant filed a timely appeal of his conviction and sentence. Appellant raises two Assignments of Error:
 {¶ 13} "I. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS OBTAINED WITHOUT SUFFICIENT EVIDENCE BEING PRESENTED TO ESTABLISH EACH AND EVERY ELEMENT OF THE OFFENSE IN QUESTION.
 {¶ 14} "II. THE TRIAL COURT COMMITTED HARMFUL ERROR BY ALLOWING PROSECUTION IMPEACHMENT OF ITS OWN WITNESSES."
 I. {¶ 15} Appellant argues in his first Assignment of Error his conviction for reckless homicide was not supported by sufficient evidence. In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St .3d 259, superseded by the State constitutional amendment on other grounds as stated in State v. Smith (1997),80 Ohio St.3d 89.
 {¶ 16} Specifically, an appellate court's function, when reviewing the sufficiency of the evidence to support a criminal conviction, is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind *Page 5 
of the defendant's guilt beyond a reasonable doubt. State v. Jenks, supra. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983), 20 Ohio App.3d 172, 175. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Thompkins, 78 Ohio St.3d at 386.
 {¶ 17} In order to convict Appellant of reckless homicide, the State had to prove beyond a reasonable doubt that Appellant recklessly caused Grooms' death. R.C. 2903.041(A). A person acts recklessly "when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result." R.C. 2901.22(C). A risk is defined as a strong probability, as contrasted with a remote probability, that a certain result may occur. R.C. 2901.01(A)(7). Thus, the State had to prove that Appellant, with heedless indifference to the consequences, perversely disregarded a know risk that his conduct was likely to cause a certain result.
 {¶ 18} Appellant contends that the State failed to prove that he acted recklessly because it did not present sufficient evidence demonstrating that he perversely disregarded a known risk that his conduct was likely to cause a certain result. Specifically, he argues that there is insufficient evidence to show Appellant knew or should have known that it was foreseeable that the gun was loaded when Appellant put the gun to Grooms' head and pulled the trigger. We disagree.
 {¶ 19} A person commits murder when he purposefully causes the death of another. R.C. 2903.02(A). A person commits reckless homicide when he recklessly *Page 6 
causes the death of another. R.C. 2903.041(A). The difference between these crimes is the offender's intent. State v. Provens, (Apr. 14, 2008), Stark. App. No. 2007CA00034 citing State v. Jenkins (1984),15 Ohio St.3d 164, 473 N.E.2d 264.
 {¶ 20} Pursuant to R.C. 2901.22(A), "[a] person acts purposely when it is his specific intention to cause a certain result * * *." R.C. 2901.22(C) provides that "[a] person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature." Generally, courts presume that people intend the natural, reasonable and probable consequences of their voluntary actions. State v. Williams (1996), 74 Ohio St.3d 569, 574,660 N.E.2d 724.
 {¶ 21} Reviewing the evidence in a light most favorable to the prosecution, we find the State presented sufficient evidence to find that Appellant was aware of the risk when he held the gun to Grooms' head and pulled the trigger. Appellant told Detective Vanoy that he knew the Derringer owned by Grooms was usually loaded. (T. 291). Appellant also told Detective Vanoy he had previous experience with firearms. (T.291). Grooms brought the gun to the party and pointed it at his friends, who then took turns passing the gun around and pointing it at each other. (T. 191, 238, 257). The friends at the party admitted to drinking that night. (T. 185). The gun was loaded until at some point in the night, Kayleb removed the bullets from the gun. (T. 192, 239).
 {¶ 22} Grooms retrieved a bullet and showed it to Smith while they sat in the living room. (T. 193, 195, 239). While Smith looked at the bullet, Appellant sat next to Grooms on the futon and Smith sat in a chair next to the futon. Grooms took the bullet back from Smith. (T. 195). The gun was on the coffee table and Smith picked the gun *Page 7 
up to view it. Grooms then took the gun back and Smith saw him place it back on the coffee table in front of Grooms, Appellant and Smith. (T. 195). Appellant picked the gun up, pointed the gun at Grooms' head, cocked the gun and pulled the trigger. (T. 198, 292).
 {¶ 23} We find the evidence presented shows that Appellant knew the risks created by his conduct. His act of holding the gun to the head of Grooms, cocking the gun and pulling the trigger demonstrated a perverse disregard of a known risk that Grooms would be shot and killed. Additionally, Appellant knew Grooms kept the gun loaded and that the gun was actually loaded some time that evening.
 {¶ 24} Appellant's conviction is supported by sufficient evidence and Appellant's first Assignment of Error is overruled.
 II. {¶ 25} Appellant argues in his second Assignment of Error that the trial court committed harmful error when it allowed the State to impeach its own witness, Kayleb Gough. We disagree.
 {¶ 26} During Kayleb's direct examination, Kayleb testified that he did not see Appellant pull the hammer back on the gun prior to pulling the trigger. The State maintained this was inconsistent with his statements made to Detective Vanoy during his interview after the shooting. Counsel for Appellant objected to allowing the State to introduce portions of Kayleb's interview with Detective Vanoy stating that it was impeachment and the standards under Evid. R. 607(A) had not been met. The trial court overruled the objection, finding it was not impeachment. *Page 8 
 {¶ 27} Evid. R. 607(A) states that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. Even if the trial court erred in allowing the State to improperly impeach its witness, we find the error to be harmless error. Smith witnessed Appellant put the gun to Grooms' head and then heard the gunshot. Appellant stated to Detective Vanoy that he pulled the hammer back on the gun just prior to shooting Grooms. Further, in Appellant's arguments before this Court, he does not argue that he did not shoot Grooms.
 {¶ 28} Accordingly, Appellant's second Assignment of Error is overruled.
 {¶ 29} The judgment of the Licking County Court of Common Pleas is affirmed.
 Delaney, J. Gwin, P.J. and Farmer, J. concur. *Page 9 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to Appellant. *Page 1